WARREN REHFUSS, BY HIS NEXT FRIEND, GEORGE REH-
FUSS, AND THE SAID GEORGE REHFUSS, PLAINTIFFS-
RESPONDENTS, v. PROSPECT BOILER COMPANY, A
CORPORATION, DEFENDANT-APPELLANT.

Argued February 10, 1933—Decided February 10, 1933.

For the defendant-appellant, *George L. Burton.*

For the plaintiffs-respondents, *Theodore Strong & Son*
(*Stephen V. R. Strong* and *Theodore Strong, Jr.*).

PER CURIAM.

The defendant assigns error because the trial court refused
at the close of the plaintiffs' case to grant a motion for a
nonsuit, because of the plaintiffs' contributory negligence.
Plaintiff, an infant, while standing astraddle his motorcycle
in the center of that part of Lincoln Highway known as
Raritan avenue, in the borough of Highland Park, was thrown
to the pavement by the force of the defendant's automobile
backing into him. The testimony indicates that the de-
fendant's automobile had come to a stop at a street inter-
section. The plaintiff brought his motorcycle to a stop about
three feet behind the defendant's car. While he was adjusting
some materials strapped in the luggage carrier, the defendant,
without warning, backed his car into the plaintiff, causing
the injuries complained of. Such facts do not show, as a

matter of law, contributory negligence as the proximate cause of the injury.

The Traffic act (*Pamph. L.* 1915, *p.* 288, § 3) provides: "Before backing, ample warning shall be given, and while backing, unceasing vigilance shall be exercised not to injure those behind."

In view of the language of the statute, the court's ruling seems proper. *Melia* v. *Malicke Bus Co.,* 7 *N. J. Mis. R.* 860.

The judgment is affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, BROGAN, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 10.

*For reversal*—None.